### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DLJ MORTGAGE CAPITAL, INC.,

                **Plaintiff,**

   v.                                       **1:06-cv-2484-WSD**

U.S. MONEY SOURCE, INC., a/k/a
USMONEY SOURCE, d/b/a
SOLUNA FIRST,

                **Defendants.**

## OPINION AND ORDER

The Matter is before the Court on plaintiff DLJ Mortgage Capital, Inc.'s ("Plaintiff") Motion for Summary Judgment [46] against defendant U.S. Money Source, Inc. ("Defendant").

## I.    FACTUAL BACKGROUND

On June 1, 2001, Plaintiff entered into a Purchase, Warranty and Interim Servicing Agreement (the "Purchase Agreement") with Defendant.  The Purchase Agreement provided that Defendant would sell to Plaintiff certain mortgage loans and servicing rights.  Plaintiff subsequently requested that Defendant repurchase some of the mortgage loans, in accordance with provisions of the Purchase Agreement.  Defendant did not repurchase the loans as requested.

Plaintiff and Defendant entered into a settlement agreement on April 21, 2003 (the "Letter Agreement"), whereby Defendant agreed to pay Plaintiff a total of $285,000.00 by June 1, 2004, in monthly installments of $23,750.00, in satisfaction of Defendant's obligations under the Purchase Agreement.  The Letter Agreement provides, in part, that "[t]he [Defendant] hereby acknowledges that the disputes herein represent a valid claim on the part of [Plaintiff] and shall not be subject to any further defenses by the [Defendant]."  Compl., Exh. B at 2. Defendant made six monthly payments to Plaintiff under the terms of the Letter Agreement, totaling $142,500.00.

On November 25, 2003, Plaintiff and Defendant entered into an agreement amending the Letter Agreement (the "Amended Letter Agreement").  The Amended Letter Agreement increased the total repayment sum owed by Defendant to $340,000.00 and extended the time for payment to November 1, 2004.  Except as amended by the Amended Letter Agreement, the terms of the original Letter Agreement remained in effect.  Defendant has made no further payments to Plaintiff.

On October 16, 2006, Plaintiff filed this action.  Plaintiff's original complaint sued Defendant and Peter Knap, Defendant's CEO, for breach of contract, specific performance, fraud, attorney's fees and costs.

Plaintiff filed amended complaints on October 27, 2006 and October 31, 2006, to which Defendant did not object.  Defendant answered the Amended Complaint on January 8, 2007.

On March 14, 2007, Plaintiff voluntarily dismissed Mr. Knap.

On May 24, 2007, the Court granted Plaintiff's motion to amend the Complaint to its current form.

Plaintiff's current Amended Complaint seeks damages of $197,500.00 for Defendant's alleged breach of the Letter Agreement and the Amended Letter Agreement, and its costs and attorney's fees in this action.

On June 25, 2007, Plaintiff moved for summary judgment.

## II.    DISCUSSION

### A.    <u>The Standard on a Motion for Summary Judgment</u>

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the

burden of demonstrating the absence of a genuine dispute as to any material fact.

Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the

moving party has met this burden, the non-movant must demonstrate that summary

judgment is inappropriate by designating specific facts showing a genuine issue for

trial.  Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).

"The nonmoving party need not present evidence in a form necessary for

admission at trial; however, he may not merely rest on his pleadings."  Id.

     The Court must view all evidence in the light most favorable to the party

opposing the motion and must resolve all reasonable doubts in the non-movant's

favor.  United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am., 894 F.2d 1555,

1557-58 (11th Cir. 1990).  "[C]redibility determinations, the weighing of evidence,

and the drawing of inferences from the facts are the function of the jury . . . ."

Graham, 193 F.3d at 1282.  "If the record presents factual issues, the court must

not decide them; it must deny the motion and proceed to trial."  Herzog, 193 F.3d

at 1246.  But, "[w]here the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party," summary judgment is proper.  Matsushita

Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**B.**     **Choice of Law and Venue**

The Purchase Agreement provides that it shall be governed by the laws of the State of New York.  Compl., Exh. A at 70.  The Letter Agreement provides that disputes arising under it shall be resolved under the laws of the State of New York, and any litigation over it shall be within the "exclusive jurisdiction of any New York State or Federal court sitting in New York County."  Compl., Exh. B at 3.[1] The Amended Letter Agreement also provides that it shall be governed by New York law.  Compl., Exh. C at 2.

"When considering a choice of law question, a federal court sitting in diversity is to apply the choice of law rules of the forum state, here Georgia." Mullins v. M.G.D. Graphics Sys. Group, 867 F. Supp. 1578, 1580 (N.D. Ga. 1994).  In Georgia, "[a]bsent a contrary public policy, [courts] will normally enforce a contractual choice of law clause."  Carr v. Kupfer, 296 S.E.2d 560, 562 (Ga. 1982).

---

[1] Defendant objects that the copy of the Letter Agreement attached as Attachment B to Plaintiff's original Complaint is not a true and correct copy.  The Court has reviewed the copy of the Letter Agreement attached to Defendant's brief in response to the motion for summary judgment, and the Court finds no material differences between the two copies of the Letter Agreement.

Plaintiff argues its motion for summary judgment under the standards of Georgia law.  The Court is not aware of any policy reasons to choose Georgia law over New York law for this dispute, and the Court applies New York law to these claims.[2]  Contrary to Defendant's argument, Plaintiff's reliance on Georgia law does not preclude summary judgment because, as the Court will explain, the results are the same under the law of either state.

Defendant also argues that jurisdiction and venue are inappropriate in this Court.  The Court has jurisdiction over this dispute based on diversity of citizenship.  Plaintiff is a citizen of New York and Delaware, Defendant is a citizen of Georgia, and the claims seek in excess of $200,000.00, satisfying the requirements for diversity jurisdiction.  See 28 U.S.C. § 1332(a).  Defendant elected not to contest venue in this district until it opposed the motion for summary judgment.  In several filings over the past year, Defendant has chosen not to seek transfer or to raise improper venue as a defense.  E.g., Answer [5]; Motion to

---

[2]  Defendant argues that the Court ruled in a hearing on May 24, 2007 that Georgia law governed the contracts at issue in this case.  The Court has reviewed the transcript of that hearing, and the question of which state's law governs Plaintiff's breach of contract claims was not before the Court.  In any event, the Court's decision on the motion for summary judgment would be the same under either state's law.

Dismiss [6]; Answer [45].  Defendant also explicitly consented to the Court's

jurisdiction in its Joint Preliminary Report and Discovery Plan filed on February 8,

2007 [18].  Any objections Defendant had to venue in this Court were waived.

Fed. R. Civ. P. 12(h)(1).

### C.    **Breach of Contract**

The core of this case is that Defendant breached its contractual obligations to

pay Plaintiff a sum of $340,000.00.  The parties agree that Defendant made six

payments to Plaintiff totaling $142,500.00, leaving $197,500.00 unpaid.

Under New York law, "[i]t is axiomatic that in order to prevail on a breach

of contract claim, a plaintiff must establish all of the following elements: (1)

existence of a binding contract; (2) plaintiff's performance of the contract; (3)

defendant's material breach of the contract; and (4) resulting damages."  ALJ

Capital I, L.P. v. David J. Joseph Co., 841 N.Y.S.2d 217, 2007 WL 1218355, at *4

(N.Y. Sup. Ct. 2007).  "In New York, 'a written agreement that is complete, clear

and unambiguous on its face must be enforced according to the plain meaning of

its terms.  A contract is unambiguous if the language it uses has a definite and

precise meaning, unattended by danger of misconception in the purport of the

[Agreement] itself, and concerning which there is no reasonable basis for a

difference of opinion.'" <u>Maxcess, Inc. v. Lucent Techs., Inc.</u>, 433 F.3d 1337, 1342 (11th Cir. 2005) (quoting <u>Greenfield v. Philles Records, Inc.</u>, 780 N.E.2d 166, 170-71 (N.Y. 2002)).  The standards for a breach of contract action under Georgia law are similar.[3]

There is no dispute over the facts material to Plaintiff's breach of contract claim.  Defendant does not contest the enforceability of the Amended Letter Agreement, the total amount due under it, or the amount Defendant has failed to pay.  In fact, "Defendant concedes that it owes Plaintiff the sum of $197,500.00 due to Defendant's failure to may [sic] full payment on the Letter Agreement and Amended Letter Agreement."  Def.'s Resp. to Pl.'s Mot. for Summ. J. [47] at 3. Defendant's sole argument is that a second amended letter agreement was signed, having the effect of reducing the monthly payments due by Defendant and extending the time for payment to November 1, 2005.  <u>Id.</u> at 9.  Defendant contends this second amendment creates a genuine issue of material fact.  The

---

[3] "A contract is an agreement between two or more parties for the doing or not doing of some specified thing."  O.C.G.A. § 13-1-1.  "The elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken."  <u>Budget Rent-a-Car of Atlanta, Inc. v. Webb</u>, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996) (internal quotation marks omitted).

Court disagrees.  The Court has examined the document Defendant alleges is a second amendment to the Letter Agreement.  Even assuming its validity and enforceability, the second amendment does not alter the total amount due to Plaintiff of $340,000.00, which indisputably was due several months before Plaintiff filed this action.  As that total amount and the amount actually paid by Defendant are both undisputed, the presence of a second amended letter agreement is not material to whether Defendant breached its contractual obligations to Plaintiff.[4]  Plaintiff's motion for summary judgment on its breach of contract claim is granted in the sum of $197,500.00.

### D.      Attorney's Fees and Costs

"Under New York law, when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable.  A variety of

---

[4] Defendant asserts unsupported arguments that summary judgment is inappropriate because the enforceability and admissibility of the Letter Agreement and the Amended Letter Agreement are in question.  Defendant's response to Plaintiff's statement of material facts, however, does not even allege that the two agreements are unenforceable or inadmissible.  To the contrary, Defendant openly admits that it owes Plaintiff $197,500.00.

factors informs the court's determination of whether a requested amount of attorneys' fees is reasonable or unreasonable, including the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved." <u>Antidote Int'l Films, Inc. v. Bloomsbury Publ'g, PLC</u>, 496 F. Supp. 2d 362, 364 (S.D.N.Y. 2007) (internal citations and quotations omitted). New York courts frequently evaluate the reasonableness of attorney's fees based upon a percentage of the fixed amount claimed by the plaintiff. <u>Banca Della Svizzera Italiana v. Cohen</u>, 756 F. Supp. 805, 807 (S.D.N.Y. 1991) (collecting New York cases; fees ranging from 15-20% of the sums claimed). Georgia law provides for attorney's fees of approximately 10% of the amount owed by the defendant.[5]

---

[5] "If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00 . . . ." O.C.G.A. § 13-1-11(a)(2). The award requires proper notice to the defendant, which may be contained in the complaint. <u>Dalcor Mgmt., Inc. v. Sewer Rooter, Inc.</u>, 423 S.E.2d 419, 420-21 (Ga. Ct. App. 1992).

The Letter Agreement provides that, "[t]he prevailing party in any such action [under this agreement] shall be awarded its reasonable attorneys' fees and costs." Compl., Exh. B at 3. Plaintiff seeks $19,775.00 in fees and $350.00 in costs for this action. The Court finds that fee demand to be facially reasonable. Both New York and Georgia law permit reasonable fee awards if the contract provides for them, and both states contemplate fee awards as a percentage of the amounts due under contract. Plaintiff has elected to seek only approximately 10% of the amounts owed, lower than what is often awarded under New York law. The Court finds the requested fee reasonable in light of New York law, the length of this litigation, and the Court's knowledge of the prevailing market rates for attorneys in the legal markets of Atlanta and New York.[6] Plaintiff's motion for summary judgment on its claim for attorney's fees and costs is granted in the amount of $19,775.00 in attorney's fees and $350.00 in costs.

## III.   CONCLUSION

For the foregoing reasons,

---

[6] Defendant argues it was not properly provided notice under Georgia law. This argument is moot because New York law applies and does not require notice. Even if Georgia law applied, Plaintiff properly notified Defendant of its intention to seek attorney's fees and costs through the Second Amended Complaint.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [46] is **GRANTED**.  The Clerk is instructed to enter judgment against the Defendant in the total amount of **$217,625.00**, representing $197,500.00 owed for Defendant's breach of contract, $19,775.00 in attorney's fees, and $350.00 in costs.

**SO ORDERED** this 9th day of January, 2008.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE